**Ralph TASHJIAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 07–72481.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2009.

Filed March 26, 2009.

Christopher Cannon, Sugarman & Cannon, San Francisco, CA, Patrick J. Quinn, Esquire, Goodrich & Jameson, Greenbrae, CA, for Petitioner.

Marion E.M. Erickson, Jonathan S. Cohen, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, FARRIS and McKEOWN, Circuit Judges.

MEMORANDUM *

Ralph Tashjian appeals from a Tax Court order allowing the Internal Revenue Service to levy his assets. Tashjian contested the underlying tax liability in his collection due process hearing, arguing that he was not given the required notice of an audit of tax deductions for marketing expenses taken by Lumenetics, a partnership in which he was a partner. The Tax Court, citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), held that Tashjian's challenges to the underlying tax liability amounted to "an impermissible collateral attack" on the prior partnership-level proceedings in *Lumenetics v. Comm'r of Internal Revenue*, 64 T.C.M. (CCH) 1161 (T.C.1992). Although the Tax Court noted that jurisdictional challenges to *Lumenetics* were still permissible, it held that the proper means of raising such claims

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**650**

"would have been to file a motion to vacate that decision."

Tashjian conceded in his brief to the Tax Court that his attempt to challenge the *Lumenetics* decision in this collection due process proceeding is indeed an impermissible collateral attack: "[t]he proper course of action to challenge the tax and interest assessments on the grounds raised herein would be to petition the Tax Court for leave to file a Motion to Vacate its decision." Tashjian's claims regarding notice of the Lumenetics audit, Dennis DiRicco's acting as Tax Matters Partner in the *Lumenetics* proceeding, and the imposition of tax liability and penalties resulting from the *Lumenetics* proceeding are dependent on his ability to attack the *Lumenetics* proceeding. Because Tashjian has already conceded that he cannot challenge the underlying tax liability via this appeal, we affirm the decision of the Tax Court.

Tashjian also argues that the government's alleged failure to return records seized in a prior investigation denied him due process. The Tax Court found that the documents in question "had nothing to do with the partnership." Tashjian's testimony reflected that the seized records did not include records of the partnerships at issue in this case. The Tax Court's finding was not clear error; therefore, any failure to return records did not violate Tashjian's due process rights. *See Metro Leasing and Dev. Corp. v. Comm'r*, 376 F.3d 1015, 1018–19 (9th Cir.2004) (Tax Court findings are reviewed for clear error).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.